# Kratzer v. The Pennsylvania Casualty Company, Appellant.

*Insurance — Liability insurance — Ordinance — Covering over pavement—Failure to provide.*

The plaintiff was the holder of a policy of insurance against loss arising from liability for injuries which might be occasioned by him or his workmen, which provided, inter alia: "This policy does not cover loss from liability for injuries when the assured has failed to observe any statute affecting the safety of persons or has violated any local ordinance made in the same behalf." Plaintiff suffered loss by reason of an injury occasioned to a passerby through the negligence of his workmen while erecting a fire escape on a theatre, without having erected a covering over the sidewalk. An ordinance of the City of Pittsburgh provided, inter alia: "Whenever any new building shall have attained the height of one story, or whenever it may become necessary to unroof or take down any building fronting on any street, square or alley in this city, or to perform any work thereon whereby risk may be incurred to persons passing the same, it shall be the duty of persons erecting, unroofing, taking down or performing any work on any such building, or of the owner thereof to erect a good and substantial covering over the pavement or footwalk in front of said building, of such elevation as to not interfere with the free use of such pavement or footwalk, under a penalty of five dollars for each day during which the provisions of this section remain uncomplied with." *Held,* the terms of the ordinance did not cover the work being done as above described, and the plaintiff was, therefore, entitled to recover.

Argued Oct. 28, 1912. Appeal, No. 73, Oct. T., 1912, by defendant, from judgment of C. P. Allegheny Co., July T., 1909, No. 118, on verdict for plaintiff in case of W. N. Kratzer, doing business as W. N. Kratzer & Company v. The Pennsylvania Casualty Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a liability insurance policy. Before FRAZER, P. J.

From the record it appeared that the plaintiff, a contractor, was the holder of a policy of the defendant company insuring him, "against loss arising from the legal liability of the assured for damages on account of bodily injury or death suffered by any one person or persons not employed by the assured, resulting from any and every accident of whatsoever nature or cause, happening at or about any of the work of the assured described in the application, caused by the negligence of the assured, and resulting from the operation of the trade or business described in said application, subject to the following agreements and conditions." The policy also contained a clause as follows: "This policy does not cover loss from liability for injuries when the assured has failed to observe any statute affecting the safety of persons or has violated any local ordinance made in the same behalf." The ordinances of the City of Pittsburgh, where the accident occurred, provided, inter alia, as follows: "Whenever any new building shall have attained the height of one story, or whenever it may become necessary to unroof or take down any building fronting on any street, square or alley in this city, or to perform any work thereon whereby risk may be incurred to persons passing the same, it shall be the duty of persons erecting, unroofing, taking down or performing any work on any such building, or of the owner thereof to erect a good and substantial covering over the pavement or foot walk in front of said building, of such elevation as to not interfere with the free use of such pavement or foot walk, under a penalty of five dollars, for each day during which the provisions of this section remain uncomplied with."

While the policy was in force plaintiff was engaged in erecting a fire escape on the front of a theatre in the City of Pittsburgh. While so engaged a passerby was injured through the fall of a ladder in use by one of the workmen. There was no covering erected over the pavement. The passerby recovered damages against the

plaintiff, the insurance company refusing to defend. Plaintiff, therefore, brought suit against the insurance company to recover the amount of that verdict plus the cost of defense. The insurance company defended on the ground that failure to erect a covering as specified in the above ordinance was an absolute defense to any claim under the policy.

The jury rendered a verdict for the plaintiff and the court subsequently overruled a motion for judgment n. o. v. and entered judgment on the verdict in the amount of $1,629.25. Defendant appealed.

*Errors assigned* were, inter alia, the refusal of binding instructions for the defendant and overruling the motion for judgment n. o. v.

*Donald Thompson,* of *Blakeley & Calvert,* for appellant.

*John S. Ferguson,* with him *Leonard K. Guiler,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 6, 1913:

The sole defense of the Casualty Company is that appellee failed to erect a covering over the sidewalk in violation of a city ordinance, and that by reason of a stipulation in the policy his right to recover was forfeited thereby. The policy among other things, provides: "This policy does not cover loss from liability for injuries when the assured has failed to observe any statute affecting the safety of persons, or has violated any local ordinance made in the same behalf." The parties are bound by their covenants, and if it appeared in the present case that the ordinance in question was reasonable and that the work being done at the time of the accident came within its provisions, there could be no recovery. The learned court below, after due consideration upon the motions for a new trial and judgment

non obstante, held that the work being done at the time of the accident was not of such a character as the ordinance contemplated, and therefore failure to cover the sidewalk was not a violation of it. In this view we concur. It is a penal ordinance and must be strictly construed. The ordinance in express terms relates to the construction of a new building more than one story in height, and to the unroofing and tearing down of an old building fronting on any street, square or alley. This is followed by the phrase "or to perform any work thereon," which certainly must refer to the character of buildings, and the kind of work mentioned, in that part of the ordinance which immediately precedes. Then follows the requirement, that "it shall be the duty of the persons erecting, unroofing, taking down or performing any work on any such building," to erect a good and substantial covering over the pavement in front "of said building." In the case at bar no new building was being erected, nor was any work done on any building being torn down or unroofed. It necessarily follows that if the provisions of the ordinance did not apply, no duty was imposed thereby upon the appellee. If the ordinance imposed no duty, there could be no violation by reason of failure to observe its provisions. This was the view of the learned court below and we have reached the same conclusion. This disposes of the case and makes it unnecessary to discuss other questions relating to the trial.

Assignments of error overruled and judgment affirmed.